*Robertson v. Trinity Packaging Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-five.

PRESENT:
>  ROBERT D. SACK,
>  BETH ROBINSON,
>  MYRNA PÉREZ,
>    *Circuit Judges*.

---

CLAUDE ROBERTSON, individually and on behalf of others similarly situated, JOHN SZALASNY, individually and on behalf of others similarly situated,

>  *Plaintiffs-Appellants*,

>  v.                                                        No. 24-1296

TRINITY PACKAGING CORPORATION,

>  *Defendant-Appellee*.*

---

*  The Clerk's office is respectfully directed to amend the caption as reflected above.

FOR PLAINTIFFS-APPELLANTS:    Jason T. Brown, Nicholas R. Conlon, Brown, LLC, Jersey City, NJ.

FOR DEFENDANT-APPELLEE:    Vincent E. Polsinelli, Christopher J. Stevens, Nixon Peabody LLP, Albany, NY.

Appeal from an order of the United States District Court for the Western District of New York (McCarthy, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 5, 2023, is **VACATED**.

Plaintiffs-Appellants Claude Robertson and John Szalasny sought approval of their Class Action Settlement of claims under the Fair Labor Standards Act and New York Labor Law against Defendant-Appellee Trinity Packaging Corporation. Magistrate Judge Jeremiah J. McCarthy denied Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement on the ground that Plaintiffs' counsel could not adequately serve as class counsel based on their purportedly improper actions in a separate litigation, *Bonura v. Uhl Ventures LLC*, No. 22-cv-395

---

[1] The parties consented to Magistrate Judge Jeremiah J. McCarthy deciding the motions for preliminary and final approval of the collective and class action settlement. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a).

(W.D.N.Y.).  We granted Plaintiffs leave to appeal this order pursuant to Federal Rule of Civil Procedure 23(f).  On appeal, both sides urge this Court to reverse the district court's order.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

"We review both a district court's ultimate decision on class certification and its rulings as to individual Rule 23 requirements for abuse of discretion."[2]  *In re American International Group, Inc. Securities Litigation*, 689 F.3d 229, 237 (2d Cir. 2012).[3]  If a district court's ruling on a Rule 23 requirement involves an issue of law, we conduct our review without deference.  *Id.*

---

[2]  We have applied differing standards of review in reviewing a district court's denial of class certification.  *Compare Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016) (applying an abuse of discretion standard to a denial of class certification) *with Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023) ("Our review of district court decisions denying class certification is 'noticeably less deferential' than when a class has been certified." (quoting *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir. 2006))).  In *In re Petrobras Securities*, 862 F.3d 250 (2d Cir. 2017), we examined this tension, explaining that applying a less deferential standard of review to denials of class certification "apparently arose from a misreading of earlier Second Circuit cases" and "is out of step with recent Supreme Court authority," *id.* at 260 n.11.  However, we opted not to decide the issue there.  *Id.*  Here, because the district court exceeded its authority under the typical abuse of discretion standard, we need not resolve this issue.

[3]  In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

The district court exceeded its discretion in concluding that counsel could not adequately represent the class here for three reasons: (1) it did not adequately consider the factors set forth in Rule 23(g); (2) it wrongly concluded that counsel was precluded from challenging the district court's conclusions regarding counsel's conduct in the separate *Bonura* case; and (3) even if counsel's initial conduct in *Bonura* was improper—a question we need not answer—counsel responded to the district court's concerns and was ultimately adjudicated to be adequate class counsel in *Bonura*.

To approve a class settlement, a court must find that the settlement is "fair, reasonable, and adequate" after considering, among other things, whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). "[A]n essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968). Rule 23(g)(1)(A) instructs the court to "consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the kinds of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class." The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Here, the district court did not assess the factors listed in Rule 23(g)(1)(A). Instead, it relied solely on its conclusion that counsel had acted improperly in the separate *Bonura* case, and that it therefore "[could not] rely on class counsel's competence and integrity to approve this settlement." App'x 819. We do not suggest that misconduct in a different case can never support a court's conclusion that counsel cannot adequately represent a class. But in order to supplant the considerations specified in Rule 23(g)(1)(A), we would expect that misconduct to be clear, significant, and indicative of counsel's adequacy to represent the class in the case *currently* before the court. *See, e.g., Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 499 (7th Cir. 2013) (concluding that "unethical conduct, not necessarily prejudicial to the class, nevertheless raises a 'serious doubt' about the adequacy of class counsel when the misconduct jeopardizes the court's ability to reach a just and proper outcome in the case"). The record does not support such a conclusion here.

The district court here primarily suggested that proposed class counsel behaved unethically in the *Bonura* case by bringing putative class claims but then, before certification, attempting to settle the individual plaintiff's claims without first seeking court approval. The court then ruled that counsel could not challenge its conclusion on this point because the plaintiff in *Bonura* did not object to the Magistrate Judge's first Report and Recommendation in that case. We disagree with both points, starting with the latter.

The district court implicitly and improperly relied on collateral estoppel, also known as issue preclusion, in deciding that plaintiffs here cannot challenge its conclusion that counsel behaved unethically in litigating *Bonura*. *See* App'x 817 (holding that because the plaintiff in *Bonura* failed to object to the first Report and Recommendation, the parties here have "waive[d] any right to further judicial review of this decision"). Under New York law, issue preclusion based on a prior court decision can only be invoked where the decisive issue "was necessarily decided in the prior action against a party, or one in privity with a party," and "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Buechel v. Bain*, 97 N.Y.2d 295, 303–04 (2001). Those elements are not met here.

6

For one, the Magistrate Judge's first Report and Recommendation in *Bonura* did not decide the central issue here. *See Bonura v. Uhl Ventures LLC*, 668 F. Supp.3d 174, 179–84 (W.D.N.Y. 2023). The court in *Bonura* did not sanction counsel or otherwise hold that counsel had violated a professional code of ethics in that case, nor are we aware of any disciplinary body that has so held. The court here appears to recognize that, suggesting instead that the analysis in the first Report and Recommendation in *Bonura* reflects that counsel in *Bonura* behaved unethically in a colloquial sense.

Moreover, the parties here were not parties in the *Bonura* case. The *lawyers* were the same in both cases, but the lawyers were not *parties* in *Bonura* and are not parties here. To the extent that the lawyers' interests in defending their reputations in *Bonura* were not the same as their client's interest in securing a favorable outcome by renegotiating a settlement, they cannot be said to have been in privity, and it would be unfair to preclude the parties (and lawyers) in this case from defending against the district court's allegations of impropriety in *Bonura*. *Buechel*, 97 N.Y.2d at 304–05.

Finally, and relatedly, there wasn't a full and fair opportunity to litigate the propriety of counsel's conduct with respect to the initial proposed settlement in

*Bonura* because there was *no need* to litigate the issue. Instead of objecting to the first Report and Recommendation in *Bonura* and litigating the question of counsel's adequacy, counsel negotiated a new settlement in their client's interests that would satisfy the district court's concerns. On this record, we disagree with the district court that the plaintiffs in this case are precluded from challenging the district court's assessment of counsel's conduct in *Bonura*.

More importantly, even if counsel's conduct in negotiating the first settlement in *Bonura* was improper—a question we need not decide—the record does not support the conclusion that this conduct undermines their adequacy as counsel here.

The district court concluded that counsel's conduct in *Bonura*, including "ma[king] no effort to preliminarily certify an FLSA collective, initially attempt[ing] to settle Bonura's FLSA claim without seeking court approval, s[eeking] excessive fees, and s[eeking] nothing for the class of similarly situated employees," was "a perfect example of abuse." App'x 816. We need not decide here whether seeking to settle claims on behalf of only the named plaintiff prior to class certification was improper. *Cf. Schick v. Berg*, 430 F.3d 112, 116–17 (2d Cir. 2005) (concluding under Texas law that no attorney-client relationship exists

8

between class counsel and an unnamed class member until certification of the class, and any duty that might exist between counsel and unnamed class member did not extend beyond a duty to refrain from prejudicing class members' claims against putative class action defendant).

Even if it was, in response to the Magistrate Judge's first Report and Recommendation in *Bonura,* counsel negotiated a new settlement that included the class of similarly situated employees and reduced the attorneys' fees award—thereby responding to the Magistrate Judge's concerns. The Magistrate Judge's *second* Report and Recommendation in *Bonura* nevertheless recommended that the district court reject the new class settlement on the ground that counsel's conduct in connection with the *first* individual settlement and their conduct in *this* case rendered counsel inadequate to represent the class—the same reasoning the district court applied in this case. But the district court in *Bonura rejected* the Magistrate Judge's recommendation and granted preliminary and ultimately final approval of the class settlement, necessarily concluding that the same lawyers who seek to represent the class here *did* fairly and adequately represent the class in *Bonura.* We agree and likewise conclude that the district court exceeded its discretion here.

\* \* \*

For the reasons explained above, the district court erred when it determined that class counsel was inadequate based on their conduct in *Bonura*. Based on the record, there was no reason to believe that class counsel would not "fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), and we conclude this factor is satisfied based on the record. The district court's order is **VACATED** and the case is **REMANDED** for further consideration of the proposed class action settlement in light of the other relevant factors under Rule 23.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court